USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENVIRONMENT SOLUTIONS ASSOCIATES
GROUP, LLC,

    Plaintiff,

-against-

CONOPOCO, INC., d/b/a Unilever,

    Defendant.

1:20-cv-10699-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    The Court has received Defendant's letter dated May 19, 2021 [ECF No. 27], requesting that the Court suspend the briefing schedule on Defendant's motion to dismiss [ECF No. 19] pending the Court's determination of Plaintiff's cross-motion for leave to amend [ECF No. 23].[1] Defendant takes no position on Plaintiff's request for leave to amend [ECF No. 28] and acknowledges that the Court's granting the motion would likely render its motion to dismiss moot [ECF No. 27 at 2].

    Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting

---

[1] The parties dispute whether this amendment would qualify as Plaintiff's First Amended Complaint or Second Amended Complaint [*see* ECF No. 23–24, 27] as the Court previously granted leave for Plaintiff to refile the Complaint to correct a typographical error [*see* ECF No. 8]. Leave of Court is required to amend here regardless. For clarity, the Court considers the operative Complaint to be the First Amended Complaint [ECF No. 9] and the proposed amendment to be a proposed Second Amended Complaint [ECF No. 25-1]. The Court, however, remains mindful that the First Amended Complaint was filed to correct a typographical error and not to amend substantive allegations.

1

*Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)). In adopting this rule, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.* Accordingly, district courts have "the option of either denying the pending motion [to dismiss] as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Id.* at 303–04.

Where the proposed amendment requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–cv–135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa). *See generally New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 1:20-cv-2327-MKV, 2021 WL 930616 (S.D.N.Y. Mar. 11, 2021). In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff

seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amendments  See e.g., *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017) (collecting cases); *Gentleman v. State Univ. of N.Y.—Stony Brook*, No. 16-cv-2012 (ADS)(AKT), 2016 WL 6892151, at *4 (E.D.N.Y. Nov. 21, 2016).

The Court elects to grant Plaintiff leave to amend and to deny the pending motion to dismiss as moot.  As noted, this is the preferred course where the amended complaint requires leave of court.  *Rheaume*, 2015 WL 7300790, at *2.  Further, Plaintiff seeks to amend to revise, clarify, and add allegations that go to the heart of its claim—allegations to which Defendant has not had an opportunity to respond in its motion to dismiss.  In addition, "granting leave to amend is consistent with the liberal standard of Rule[] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.'"  *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The Court also finds no undue delay by Plaintiff and prejudice to Defendant from permitting amendment at this early stage in the litigation.  There is no undue delay as Plaintiff's request for leave was filed in response to Defendant's motion to dismiss.  *See Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (noting that mere delay, absent bad faith or undue prejudice, is not alone grounds to deny leave to amend (collecting cases)).  There is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule

16 conference has been held, and no discovery deadlines have been established." *Joint Stock Co.*, 2017 WL 2988249, at *1. There is also no evidence of bad faith.[2]

The Court is also mindful of judicial economy and preserving the parties' resources. *Pettaway*, 955 F.3d at 303; *see also In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy"). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). It is in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling of Defendant's motion to dismiss.

As to futility, "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Chubb INA Holdings Inc. v. Chang*, No. 16-2354-BRM-DEA, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (collecting cases). The Court therefore declines to consider whether Plaintiff's proposed amendments would be futile.

By reason of Defendant's motion to dismiss, Plaintiff is on notice of the alleged deficiencies in its pleading. Plaintiff is warned that the Court will be reluctant to grant further leave to amend if Defendant successfully moves to dismiss the Second Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.

---

[2] The Court implicitly denied Plaintiff's earlier, informal request for leave to amend, which was buried in its response to Defendant's pre-motion letter and did not include a proposed amended complaint or adequately elaborate on the proposed amendments. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

4

> Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2020 WL 5849515, at *13 (S.D.N.Y. Sept. 30, 2020).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's cross-motion for leave to amend is GRANTED and Defendant's motion to dismiss is DENIED as moot. Plaintiff shall file its Second Amended Complaint on or before May 19, 2021. If it wishes to move to dismiss the Second Amended Complaint, Defendant shall submit a pre-motion letter, as required by the Court's Individual Rules of Practice ¶ 4.A.i.

The Clerk of Court is respectfully requested to terminate docket entries 19, 23, and 27.

**SO ORDERED.**

**Date: May 24, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**